**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 12, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SYDNEY BYINGTON,

Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

Defendant-Appellee.

No. 08-5056
(D.C. No. 4:07-CV-00113-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, Chief Judge, **EBEL** and **GORSUCH**, Circuit Judges.

The administrative law judge (ALJ) denied Sydney Byington's application

for supplemental security income payments.  After the ALJ's decision became the

final agency decision and the district court affirmed, Mr. Byington appealed to

this court.  We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291,

and we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In order to obtain supplemental security income payments, Mr. Byington must establish that he is "disabled" as that term is defined for Social Security purposes. *See* 20 C.F.R. §§ 416.901, 416.905(a). After holding a hearing and applying the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920, the ALJ determined that, first, Mr. Byington was not engaging in any substantial gainful activity. Second, he suffered severe impairments from "problems with his back, neck, shoulder, leg, elbow, stomach, hearing, hands, hypertension, feet, vertigo, headaches, vision, heart, shortness of breath, diabetes mellitus, depression and anxiety and substance abuse," Aplt. App., Vol. I at 14, but, third, none of his impairments met or equaled any impairment in the listing of impairments. The ALJ then assessed the medical and other evidence. Discounting Mr. Byington's credibility regarding the extent of the effects of his impairments, the ALJ determined that, fourth, Mr. Byington retained the residual functional capacity (RFC)

> to lift and/or carry 20 pounds, stand and/or walk 6 hours in an 8 hour workday at 1 hour intervals, sit 6 hours in an 8 hour workday at 1 hour intervals, occasionally climb, bend, stoop, squat, kneel, crouch, crawl, push and/or pull, operate foot controls, reach overhead, and twist his torso. He requires low noise/ low light environments and should avoid heat extremes, rough, uneven surfaces, unprotected heights, fast and dangerous machinery, and dust, fumes and gases. Additionally, he can perform only simple, repetitive and routine tasks and is slightly limited in reference to contact with the general public, co-workers and supervisors.

*id.* at 15, and he was not able to return to his past relevant work. Fifth, based on testimony by a vocational expert (VE), the ALJ determined Mr. Byington could perform other work that exists in significant numbers in the national economy. Consequently, the ALJ decided that Mr. Byington was not disabled and not entitled to benefits.

The Appeals Council denied review, making the ALJ's decision the final agency decision. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). The district court, with a magistrate judge presiding by designation pursuant to 28 U.S.C. §§ 636(c)(1) and (3), affirmed in a thorough decision. On appeal, Mr. Byington argues that the ALJ did not properly consider his combination of impairments, particularly his mental impairments of major depressive disorder and posttraumatic stress disorder, and did not properly weigh his credibility, particularly his complaints of pain.

"We review the [Commissioner's] decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006) (quotation omitted). "Because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, but we neither reweigh the evidence nor substitute our discretion for that of the Commissioner." *Id.* (alteration and quotations omitted). With regard to credibility determinations,

-3-

"[w]e have emphasized that [they] are particularly the province of the finder of fact, and should not be upset if supported by substantial evidence." *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) (quotation omitted). Having applied these standards of review, we affirm for substantially the reasons stated by the magistrate judge in his decision dated March 19, 2008.

The judgment of the district court is AFFIRMED.

Entered for the Court


Neil M. Gorsuch
Circuit Judge